### SMITH et ux v. COOK.

Circuit Court, Palm Beach County.

September 28, 1954.

Wardlaw & Stewart, West Palm Beach, for plaintiffs.

Morrow, Fulton & Sullivan and Williamson, Gunster & Baugher, all of West Palm Beach for defendant.

JOSEPH S. WHITE, Circuit Judge.

This cause came on for the entry of final decree upon the pleadings, testimony taken orally before the court, and argument of counsel.

Defendant admits that originally he was indebted to plaintiffs but says that before bringing this suit, plaintiffs verbally agreed to look to a certain corporation for payment of the debt, and to release defendant therefrom. The corporation in question was yet to be organized, and, as developed by the proof, the verbal agreement in question was that plaintiffs would look to the corporation and relieve defendant of the indebtedness only if the corporation was "satisfactory to them." Undoubtedly such a condition meant that not only should the personnel of the corporation be satisfactory, but that its financial structure likewise would have to be found satisfactory.

The circumstances which followed indicate that the financial structure of the corporation was not made acceptable to the plaintiffs. For instance: (1) Late in February plaintiffs repossessed their check for $15,000 left with Miss Wade. (2) The corporation wrote off its book account with plaintiffs because of plaintiffs' failure to redeposit the check with the corporation. (3) Defendant never requested a return of the life insurance policies deposited with plaintiffs as security for his individual obligation. (4) When pressed for payment in August, defendant assumed a personal responsibility for the debt.

It is the view of the court that defendant has failed to establish that the novation was completed.

The court finds that defendant is indebted to plaintiffs in the sum of $9,142.76 principal, plus $1,142.75 interest, together with $777 plus $15.60 interest for the insurance premiums paid by plaintiffs.

It is ordered and decreed that plaintiffs do have and recover from the defendant the sum of $11,078.11, for the recovery of which let execution issue. Court costs are assessed against the defendant.